**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CURTIS DORSEY** **PETITIONER**

**v.** **NO. 4:26-cv-00291-KGB-PSH**

**DEXTER PAYNE** **RESPONDENT**

# ORDER

Petitioner Curtis Dorsey ("Dorsey") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and an accompanying brief. In the petition, he raised two claims, one of which is a claim of "newly discovered evidence of witness bias." See Docket Entry 2 at CM/ECF 6. He acknowledged, though, that he never presented his claim of newly discovered evidence of witness bias to the state courts. Because he failed to do so, he asked that this case be stayed so that he can "exhaust [the] claim through the Arkansas Supreme Court by way of a Petition for Permission to file for Writ of Error Coram Nobis Relief in the circuit court." See Docket Entry 2 at CM/ECF 6. His request is denied.

The facts giving rise to Dorsey's request to stay this case are straightforward. The record reflects that he was charged in an Arkansas state trial court with first-degree murder. "At trial, five eyewitnesses testified to the events surrounding the murder," one of whom was Shannon Branham ("Branham"), the victim's neighbor. See Dorsey v. State, 2020 Ark. 316, 607 S.W.3d 485, 487 (2020). Branham testified that "she heard several gunshots and opened her door to see [the victim] lying on the ground and a black truck turning off the street." See Id. The four other eyewitnesses either saw Dorsey in the black truck or saw the black truck leaving the scene of the murder, a truck Dorsey was later seen to be driving. See Id. Dorsey was eventually convicted of first-degree murder and sentenced to the custody of respondent Dexter Payne ("Payne").

Dorsey appealed his conviction. The Arkansas Supreme Court found no reversible error and affirmed his conviction in October of 2020. He then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. Dorsey retained the services of a private investigator, Roy Spann ("Spann"), and Dorsey represents that Spann discovered the following in November of 2024 while "investigat[ing] and analyzing the crime scene [and the surrounding] neighborhood," see Docket Entry 3 at CM/ECF 6:

> ... Roy Spann had the occasion to interview the state['s] key witness in this case, Mrs. Shannon Branham. During this interview, it was discovered that Mrs. Branham held a personal belief of petitioner's guilt in this case due to the local media leaking officially sealed court documents from the State of Pennsylvania. During the interview with Mr. Spann, Mrs. Branham stated that petitioner had previously gotten off on an unrelated murder charge in Pennsylvania on a 'technicality'. Mrs. Branham never revealed this knowledge during the investigation of the case at bar-or the jury trial itself. ... Moreover, this information was imputed to the prosecutor as a matter of law and the prosecution with-held this impeachment information as well. Mrs. Branham was never allowed to be impeached on the witness stand as to her bias against petitioner for the jury to determine the validity of her truthfulness as to the chain of events surrounding her response to the victim and what she claimed to have seen subsequent to that.

See Docket Entry 3 at CM/ECF 6. The foregoing facts and/or a claim of witness bias were never raised in the Rule 37 proceeding, and Dorsey's Rule 37 petition was denied in December of 2024. The state Supreme Court affirmed the denial of his Rule 37 petition in February of 2026.

Dorsey then filed the petition at bar. As a part of his petition, he asked that this case be stayed so he could exhaust his claim of newly discovered evidence of witness bias in the state courts. The Court reviewed the petition and was inclined to stay the case. Before doing so, though, the Court asked Payne to weigh in on the question of staying the case while Dorsey pursued error coram nobis relief in the state courts.

Payne filed a response and maintained that the case should not be stayed. He so maintained for the following reasons: (1) Dorsey has not shown good cause for failing to exhaust the claim; and (2) the claim is not cognizable in an error coram nobis proceeding, the claim is plainly meritless, and he has not shown the requisite due diligence.

Dorsey has now filed separate replies in which he addressed Payne's reasons for not staying this case. In the submissions, Dorsey maintained that he never presented his claim of newly discovered evidence of witness bias to the state courts because the claim was "not reasonably available ... during [the] earlier [s]tate proceedings." See Docket Entry 10 at CM/ECF 1. Additionally, he represented that the claim "directly concerns witness credibility and may have affected the outcome of the trial, he has "acted diligently upon discovering the evidence," and he has not "engaged in intentionally dilatory litigation tactics." See Docket Entry 10 at CM/ECF 1-2.[1]

Payne correctly summarized the legal authority governing a request to stay a case filed pursuant to 28 U.S.C. 2254. The Court adopts the summary in full. It is as follows:

[1] Dorsey alternatively maintained that if a stay is denied, he be allowed to amend or otherwise proceed in a manner that preserves his exhausted claims while he seeks state court review of the newly discovered evidence claim.

> A federal district court has the discretion, but not an obligation, to stay review of a 2254 petition containing both exhausted and unexhausted claims, *i.e.*, a mixed petition, to allow review of the unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 276-277 (2005). The stay-and-abeyance of a mixed 2254 petition, however, is an extraordinary remedy. *See Whitepipe v. Weber*, 536 F. Supp. 2d 1070, 1089 (D.S.D. 2007). Accordingly, it is appropriate only in limited circumstances, when: (1) the petitioner shows good cause for the failure to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005); *see Rhines*, 544 U.S. at 277-278. Even in the rare circumstances where a stay is "appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. The stay, therefore, should be of limited duration. *See id*.

See Docket Entry 8 at CM/ECF 3.

Applying the facts surrounding Dorsey's request to stay this case to the foregoing legal authority, the request is denied. The Court so finds for the following reason.

In the State of Arkansas, a writ of error coram nobis is an extraordinary remedy and is only issued under "compelling circumstances to achieve justice and to address errors of the most fundamental nature." See Martin v. State, 2018 Ark. 344, 4, 2018 WL 6380740 (2018). The fundamental errors are limited to the following five categories: (1) insanity at the time of the trial, (2) a coerced guilty plea, (3) material evidence

withheld by the prosecutor, (4) a third-party confession to the crime during the time between conviction and appeal, or (5) repudiated expert testimony. See Bragg v. State, 2023 Ark. 66, 663 S.W.3d 375 (2023) (citing McKinney v. State, 2020 Ark. 226, 602 S.W.3d 85 (2020); Martin v. State, supra.). Errors outside the five categories are outside the scope of relief possible by means of a writ of error coram nobis.

The Court is not persuaded that Dorsey's claim of newly discovered evidence of witness bias is one of the fundamental errors available for error coram nobis relief. Instead, the claim is likely outside the scope of relief possible by means of that writ. For that reason, the Court will not stay this case, and his request to do so is denied.

In light of this ruling, Payne is ordered to file a complete response to Dorsey's petition. Payne is given up to, and including, August 26, 2026, to file his response.[2]

IT IS SO ORDERED this 4th day of August, 2026.

UNITED STATES MAGISTRATE JUDGE

---

[2] Payne shall file a complete response to the two claims Dorsey raised in his petition, the claims being claims of ineffective assistance of counsel and newly discovered evidence of witness bias. Dorsey could request leave to amend his petition, but it is not clear what additional claim he might add.